IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| KEITH ELLIOTT HAVARD, #K0467, and C.K.H., A MINOR | § § § | PLAINTIFFS |
| V. | § § § | CAUSE NO. 1:10CV462-LG-RHW |
| GEORGE COUNTY, MISSISSIPPI; DAVID SULLIVAN; KEITH MILLER; SERGEANT RAY; DEPUTY SULLIVAN; DEPUTY HOWELL; JUDGE KATHY KING JACKSON; DISTRICT ATTORNEY ANTHONY LAWRENCE, III; GEORGE COUNTY PROSECUTOR MARK A. MAPLES; GEORGE COUNTY JUSTICE COURT; DEPUTY COMMISSIONER OF COMMUNITY CORRECTIONS; JOHNNY MARTIN; and JOHN AND JANE DOES 1-5 | § § § § § § § § § § § § § § § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

BEFORE THE COURT are *pro se* Plaintiff Keith Elliott Havard's Complaint [1], Amended Complaint [8], and second Response to Order [13]. Havard is incarcerated in the custody of the Mississippi Department of Corrections. He seeks damages on behalf of himself and his minor son C.K.H. for federal and state claims arising out of Havard's alleged unlawful arrest, parole revocation, and confinement. The Court has liberally construed the pleadings. The minor's claims, Havard's Section 1983 denial of access claim, and Havard's state law claims are dismissed without prejudice. Havard's Section 1983 claims challenging his arrest and revocation are dismissed pursuant to *Heck v. Humphrey*.

## FACTS AND PROCEDURAL HISTORY

On September 21, 2010, Havard filed this civil action. The Court granted him leave to proceed *in forma pauperis* on February 7, 2011. Havard alleges that in 2009, George County Sheriff Deputies Sullivan, Howell, and Sergeant Ray knowingly falsely arrested and charged Havard with a D.U.I. and possession of alcohol in a dry county. He claims his minor son was present during this arrest. Subsequently, Havard claims, he was wrongly convicted of a parole violation by George County Circuit Court Judge Kathy King Jackson and sentenced to eight years in the custody of the Mississippi Department of Corrections, followed by two years of supervised release. For the arrest and conviction, he brings various claims under Section 1983 and the Mississippi Tort Claims Act against all Defendants: George County, MDOC Commissioner Christopher Epps, probation officer David Sullivan, defense attorney Keith Miller, Sergeant Ray, Deputies Sullivan and Howell, Judge Jackson, District Attorney Anthony Lawrence, III, George County Prosecutor Mark A. Maples, Deputy Commissioner of Community Corrections, and "George County Probation (Supervisor?) [sic] Johnny Martin." (Dkt. 13 at 1).

Havard further alleges that, while he was incarcerated at George-Greene County Regional Correctional Facility, he was denied access to legal materials. This denial, he claims, jeopardized his appeal of another matter to the Mississippi Court of Appeals.

## DISCUSSION

The Prison Litigation Reform Act of 1996 applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the

2

case at any time if the court determines that . . . the action . . . –(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Havard to proceed *in forma pauperis* in this action. His Complaint is subject to *sua sponte* dismissal under Section 1915.

<u>C.K.H., A MINOR</u>

In Havard's second [13] Response to Order, he amends his pleadings to seek "recovery on behalf of minor [C.K.H.] (Plaintiff's son) present at time of unlawful arrest and throughout detention and imprisonment." (Dkt. 13 at 3). Havard attempts to represent his son *pro se*. Because an unrepresented minor is involved, the Court must first consider its role under Rule 17 before the Court may rule on the minor's claim. Fed. R. Civ. P. 17(c)(2); *Chrissy F. ex rel. Medley v. Miss. Dep't of Pub. Welfare*, 883 F.2d

25, 27 (5th Cir. 1989).

One *pro se* party cannot represent another. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-22 (5th Cir. 1998). Therefore, a minor child generally cannot bring suit through a *pro se* next friend or guardian. *Aduddle v. Body*, 277 F. App'x 459, 462 (5th Cir. May 7, 2008) (*pro se* guardian could not represent granddaughter). *See also Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *Cheung v. Youth Orchestra Found., Inc.*, 906 F.2d 59, 62 (2d Cir. 1990); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). *But see Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (*pro se* parent can represent her child in a social security appeal because administrative rules allow it and the parent's interests are coextensive with the child's). Havard is incarcerated, not living with the child, and is not represented by an attorney. Therefore, Havard may not represent C.K.H. in this civil action.

Therefore, the Court "must appoint a guardian ad litem–or issue another appropriate order–to protect" C.K.H. Fed. R. Civ. P. 17(c)(2). The Fifth Circuit has set forth the procedure for a court's duty under Rule 17:

> We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor . . . in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, *though only after the Court has considered the matter and made a judicial determination that the infant . . . is protected without a guardian.*

*Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984). The Court "should consider that access to the courts by aggrieved persons should not be unduly

4

limited, particularly . . . where an incompetent person raises allegations of violations of his rights attributable to his custodians, and further alleges a failure to act on the part of his legal guardian." *Id.*

C.K.H.'s claims are for damages for constitutional and state law torts. There are no alleged ongoing violations of his rights. As a minor, the statute of limitations would not begin to accrue on these claims until after he reaches 21, the age of majority in Mississippi. Miss. Code Ann. §§ 11-46-11(4), 15-1-59; *Hardin v. Straub*, 490 U.S. 536, 543 (1989) (applying state tolling statutes to §1983); *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 770 (¶18) (Miss. 2007). He is currently 17 years old. The Court finds, under the circumstances, C.K.H.'s rights would be adequately protected by a dismissal without prejudice. His right of access to the courts is not cut off by such an order.

HAVARD

I.  SECTION 1983

    A.  CLAIMS CHALLENGING ARREST AND REVOCATION

Most of Havard's claims under Section 1983 attack the legality of his October 2009 arrest and resulting parole revocation. He claims the police officers, probation officer, and the prosecutor asserted false charges against Havard. He avers that his parole was revoked because of due process errors, ineffective assistance of counsel, and lack of credible evidence. Finally, he maintains his sentence violates equal protection because another inmate received a lesser sentence for a similar offense.

A Section 1983 claim that challenges the fact or duration of a state sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily

5

demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Success on any one of these claims will necessarily invalidate Havard's State court revocation and sentence. Therefore, these claims may only proceed if he proves the revocation or sentence has already been invalidated. The Court takes judicial notice that Havard filed a contemporaneous habeas petition in this Court challenging this same arrest and conviction. That action was dismissed on March 23, 2011, for failure to exhaust State court remedies. *Havard v. Scott*, 1:10cv494-HSO-JMR, 2011 U.S. Dist. LEXIS 30338 (S.D. Miss. Mar. 23, 2011). The Court found, "[o]n March 10, 2011, Petitioner filed his Response [14], stating that his Notice of Appeal to the Mississippi Court of Appeals had been filed, had been assigned appeal case number 2011-CP-27-COA, and is presently pending before the Mississippi Court of Appeals." *Id.* at *3. Furthermore, according to the Mississippi Court of Appeals's website, Havard's case was submitted to that court's current sitting on September 6. Therefore, it is clear that he has not yet been granted post-conviction relief on this matter.

Because the revocation has not yet been invalidated, Havard is precluded by

6

*Heck* from challenging it in this Section 1983 civil action at this time. These claims under Section 1983 are dismissed with prejudice to their being asserted again until the *Heck* conditions are met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). This dismissal counts as a strike under 28 U.S.C. § 1915(g). *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).

### B.   DENIAL OF ACCESS TO COURTS

Next, Havard brings a denial of access to courts claim under Section 1983. This claim is brought against the County, Epps, and the Deputy Commissioner. Havard alleges that the denial of access to legal materials jeopardized his State court appeal of a 2007 revocation of Earned Release Supervision.

To pursue the denial of access claim, Havard must prove the County, Epps, and Deputy Commissioner "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Since he alleges these three Defendants hindered his efforts at the State court level, he is therefore alleging a "backward-looking" access claim. A backward-looking claim is about "an opportunity already lost." *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002). It looks "backward to a time when specific litigation ended poorly, or could not have commenced, or could have produced a remedy subsequently unobtainable." *Id.* at 414. For a "backward-looking access claim," Havard must prove (1) an underlying cause of action, (2) the litigation of which was frustrated by official acts, (3) which resulted in a lost remedy. *Id.* at 415-16. As for the third element, he:

7

must identify a remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought. There is, after all, no point in spending time and money to establish the facts constituting denial of access when a plaintiff would end up just as well off after litigating a simpler case without the denial-of-access element.

*Id.* at 415. For example, the official action "may allegedly have caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief." *Id.* at 414.

The Court takes judicial notice that Havard is presently challenging the 2007 revocation of E.R.S. in a Section 1983 action before Magistrate Judge F. Keith Ball, in *Havard v. Jones*, 3:09cv107-FKB. It is scheduled for trial in November. In that case Havard seeks damages for the resulting confinement. There has not yet been a loss of this remedy, the same remedy sought in this action. Additionally, there has yet been no loss or inadequate settlement of that case. Therefore it appears this claim is not yet ripe and is dismissed without prejudice.

## II. MTCA

Havard's claims under Section 1983 are also brought under the MTCA. Because the MTCA claims are brought against non-diverse defendants, these claims invoke this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). This jurisdiction may be declined if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Since the Court has dismissed the Section 1983 claims, it declines jurisdiction over Havard's remaining state law claims. They are dismissed without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons

stated above, minor C.K.H.'s claims and *pro se* Plaintiff Keith Elliott Havard's Section 1983 denial of access and MTCA claims should be and are hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff Havard's Section 1983 claims challenging his 2009 arrest and revocation should be and are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim until such time as the State court revocation or sentence are invalidated.

**SO ORDERED AND ADJUDGED** this the 30th day of September, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE